| | |
|---|---|
| 1 | Colin H. Murray, State Bar No. 159142 |
| | **Baker & McKenzie LLP** |
| 2 | 12544 High Bluff Drive, Third Floor |
| | San Diego, CA 92130-3051 |
| 3 | Telephone: +1 858 523 6200 |
| | Facsimile: +1 858 259 8290 |
| 4 | Email: colin.murray@bakermckenzie.com |

CLERK, U.S. DISTRICT COURT

DEC - 9 2011

Attorneys for Defendant
Life Partners, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

MARILYN STEUBEN, on behalf of herself and all other California citizens similarly situated,

    Plaintiff,

v.

LIFE PARTNERS, INC.,

    Defendant.

Case No. CV11 010212 PSG (CWx)

Los Angeles County Superior Court Case No. BC 472953

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d), 1441 AND 1446**

(Class Action Fairness Act)

Action Filed: November 8, 2011

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF MARILYN STEUBEN AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant LIFE PARTNERS, INC. (hereinafter "Defendant" or "Life Partners"), hereby effects the removal of the below referenced action from the Superior Court of the State of California for the County of Los Angeles ("Superior Court") to the United States District Court for the Central District of California, Western Division.

Removal is made pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act), 1441(b), and 1446 and is based on the following grounds:[1]

---

[1] In support of this Notice of Removal, Life Partners is submitting herewith **EXHIBITS A - C**.

1

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

CASE NO.
NOTICE OF REMOVAL OF ACTION UNDER CAFA

## STATEMENT OF JURISDICTION

1. This Court has original subject matter jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA" or the "Act"). *See* 28 U.S.C. § 1332(d). In relevant part, the Act grants district courts original subject matter jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interests and costs. *Id.* The Act authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of the Act's requirements for removal and is timely and properly removed by the filing of this Notice.

## PLEADINGS, PROCESS, AND ORDERS

2. On or about November 8, 2011, Plaintiff Marilyn Steuben ("Plaintiff") filed a Class Action Complaint in the Superior Court of the State of California in and for the County of Los Angeles, *Marilyn Steuben, on Behalf of Herself and All Other California Citizens Similarly Situated v. Life Partners, Inc.*, Case Number BC-472953 (the "Complaint"). As set forth in paragraph 7 of the Complaint, Plaintiff and the members of the putative class include "all California citizens who have purchased any portion of a 'life settlement' with Life Partners, Inc."

3. Plaintiff's Complaint asserts three causes of action: (1) breach of fiduciary duty; (2) breach of contract; and (3) unlawful, unfair, or fraudulent business practices in violation of the Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, *et seq.*

4. Plaintiff served upon Defendant's Agent for Service of Process, on or about November 10, 2011, the following documents: Complaint, Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment – Unlimited Civil Case, Superior Court of California, County of Los Angeles Alternative Dispute Resolution (ADR) Information Package,

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

2

CASE NO.
NOTICE OF REMOVAL OF ACTION UNDER CAFA

Voluntary Efficient Litigation Stipulations (with the following three stipulations attached: Early Organizational Meeting, Discovery Resolution, and Stipulation and Order--Motions in Limine), Informal Discovery Conference request, ADR Case Referral Intake form, and Stipulation to Participate in Alternative Dispute Resolution (ADR), true and correct copies of which are attached hereto and collectively incorporated by reference as **Exhibit A**. According to the Superior Court's electronic Case Summary of Documents Filed in this case, on or about November 17, 2011, Plaintiff filed a Proof of Service/Summons to the effect that service of the above-referenced papers was made on Defendant on November 10, 2011.[2] On November 22, 2011, the Honorable Emilie H. Elias issued a Minute Order designating the case as complex and reassigning the matter to Judge William F. Highberger in Department 307 at the Central Civil West Courthouse. A true and correct copy of the Court Minute Order is attached hereto and incorporated by reference as **Exhibit B**. Together, **Exhibits A and B** constitute all pleadings and papers in the Superior Court's file as of November 8, 2011.

5.  No further proceedings have been heard or pleadings filed in the above action in the Superior Court for the County of Los Angeles.

**JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

6.  Section 4 of the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), as amended, provides in relevant part as follows:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action in which . . .
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

---

[2] Although the Court's electronic Case Summary Documents Filed states the Proof of Service was filed on November 17, 2011, as of Thursday, December 8, 2011, the actual document (Proof of Service) was not in the Court's Case File #BC472953, or otherwise available electronically from the Court.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

3

CASE NO.
NOTICE OF REMOVAL OF ACTION UNDER CAFA

7. The Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(d), and the case may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441(b) and 1446.

## CITIZENSHIP

8. In Paragraph 6 of the Complaint, Plaintiff alleges that she is a citizen of California and a resident of Los Angeles County, California. Therefore, Plaintiff is domiciled in California and is a citizen of the State of California. *See Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 383 (1904) (stating that a person is a citizen of the state in which he is domiciled). In paragraph 7 of the Complaint, Plaintiff asserts that she seeks to represent a class of "all California citizens who have purchased any portion of a 'life settlement' with Life Partners, Inc." Thus, all members of the putative class are also citizens of California.

9. In paragraph 8 of the Complaint, Plaintiff concedes that Defendant Life Partners Inc. is a corporation organized and existing under the laws of the State of Texas and that its principal office is located at 204 Woodhew Drive, Waco, Texas 76712. Life Partners is incorporated in Texas, and its officers direct, control, and coordinate the company's operations from its headquarters in Waco, Texas. *See* **Exhibit C,** Declaration of R. Scott Peden, President of Life Partners, Inc., at ¶ 3. Life Partners is, accordingly, a citizen of the State of Texas. *See* 28 U.S.C. § 1332(c)(1) (stating that a corporation is a citizen of its place of incorporation and its principal place of business); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (holding that a corporation's principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities").

10. Thus, Plaintiff, who is a member of the putative class, resides and is domiciled in the state of California and is a citizen of a state different from that of the only defendant, Life Partners. Under CAFA, removal is proper where "any member of the class of plaintiffs is a citizen of a State different from any defendant." 28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

4

CASE NO. _____
NOTICE OF REMOVAL OF ACTION UNDER CAFA

U.S.C. § 1332(d)(2)(A). Therefore, there is diversity of citizenship between the parties within the meaning of CAFA.

## AMOUNT IN CONTROVERSY

11. The Complaint in this matter is silent as to the total amount in controversy. *See generally* Compl. The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff, however, does not deprive the Court of subject matter jurisdiction. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (stating that a plaintiff's failure to plead the amount in controversy does not preclude defendant from seeking removal). Rather, the Defendant must simply prove by a preponderance of the evidence that the amount in controversy is satisfied. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). This Court has noted that such "burden is not daunting, as courts recognize that under this standard, a removing defendant is *not* obligated to research, state, and prove the plaintiffs' claims for damages." *Ray v. Wells Fargo Bank, N.A.*, No. CV 11-01477 AHM (JCx), 2011 U.S. Dist. LEXIS 53155, at *13 (C.D. Cal. May 9, 2011) (quoting *Korn v. Polo Ralph Lauren Corp.* 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)). Rather, the ultimate inquiry is whether it is more likely than not that, at the instant of removal, the amount "in controversy" meets the jurisdictional minimum, not what the defendant may actually owe. *Id.* at *14. For purposes of this inquiry, the court must "assume that the allegations in the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Id.* (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

12. Importantly, "[t]he fact that the complaint discloses the existence of a valid defense to the claim does not eliminate federal jurisdiction, nor do events occurring subsequent to the institution of the suit which reduce the amount recoverable below the statutory limit." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010). As the Ninth Circuit has explained, this

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

5

CASE NO. _____
NOTICE OF REMOVAL OF ACTION UNDER CAFA

is because "if a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction." *Id.* Accordingly, this removal petition calculates the amount in controversy based on the assumption that the facts pleaded in the complaint are true, even though Life Partners maintains its right to dispute the truth of those allegations when it asserts its defenses to Plaintiff's claims on the merits.[3]

13. CAFA authorizes the removal of class actions in which the *amount in controversy* in the aggregate for all class members exceeds $5,000,000.00. 28 U.S.C. § 1332(d)(2). Included in this calculation are the amount of compensatory damages, punitive damages, attorneys' fees, and other monetary relief sought by the Complaint. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007) (holding that when an underlying statute authorizes an award of attorneys' fees, such fees may be taken into account in determining the CAFA jurisdictional amount); *see also Ray*, 2011 U.S. Dist. LEXIS 53155, at *17 (noting that the total amount in controversy exceeded $5 million when all claims and attorneys' fees were included).

14. In this case, Plaintiff acknowledges that the size of the putative class, which Plaintiff defines as all "California citizens who have purchased any portion of a 'life settlement' with Life Partners, Inc.," is "unknown but is greater than 100." Compl., ¶¶ 7, 14. Based on such class definition and Defendant's review of its business records concerning purchases by California residents of life settlement interests in Universal Life Policies, since January 1, 2006,[4] Defendant calculates the

---

[3] More specifically, Defendant denies Plaintiff's claims of wrongdoing, denies that Plaintiff or any member of the putative class has been damaged as a result of the matters alleged in the Complaint, and denies that Plaintiff or any member of the putative class is entitled to any relief from Defendant. Defendant further disputes the methodology by which Plaintiff calculates her damages. Nevertheless, Plaintiff's Complaint entitles Defendant to a federal forum for the resolution of this dispute.

[4] Given that Plaintiff's purchases took place beginning in 2006 (Compl., ¶ 23), and because the data concerning purchases by California residents from 2006 to the present is readily available in Defendant's proprietary database, Defendant used 2006 as a start date for its calculations, despite the fact that the class period is not limited in time.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

6

CASE NO.
NOTICE OF REMOVAL OF ACTION UNDER CAFA

number of potential class members to be approximately 843 persons. **Exhibit C**, at ¶ 5.

15. The Complaint alleges, in effect, that Defendant mishandled all of Plaintiff's and the putative class members' funds that were placed in escrow for the purpose of policy maintenance by virtue of the use of level premiums, versus employing the so-called practice of "premium optimization." More specifically, as pertinent to the calculation of the amount in controversy, the Complaint asserts the following allegations:

- "Defendant's life settlements involve insurance policies that are known as 'universal life insurance' policies." ¶ 17.
- "When purchasing a life settlement with Defendant, a purchaser agrees to not only provide funds for a payment that will go to the policyholder (in order to initially 'purchase' the policy) but also to provide additional funds for an escrow account that will be used by an escrow agent to 'maintain' the policy—i.e., to keep the policy in force by paying premiums as required until the policy matures. … [T]he purchaser provides funds to be escrowed in the amount that would be required for premiums assuming the policy must be maintained for the full estimated maximum life expectancy." ¶ 20.
- "In 2006 and 2007, Plaintiff purchased fractional interests in several 'life settlements' from Defendant." ¶ 23.
- "In each such life settlement transaction, Defendant represented an amount as being the amount necessary annually to maintain the policy. Defendant's clients (including Plaintiff and the class members) depended on Defendant for the accuracy of the amount represented by Defendant as necessary to maintain the policy." ¶ 25.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

7

CASE NO.
NOTICE OF REMOVAL OF ACTION UNDER CAFA

- "With regard to several of Plaintiff's transactions, the initial escrow was later depleted by payments made, authorized or directed by Defendant, and thus Defendant required Plaintiff to place additional money into escrow to maintain the policy. Plaintiff has placed such additional money in amounts directed by Defendant as recently as November of 2010 and December of 2010." ¶ 26.

- "As to every life settlement transaction between Defendant and Plaintiff and/or the class members, Defendant breached its fiduciary duty to Plaintiff and the class members ... by not optimizing premiums...." ¶ 53.

- "As to every life settlement transaction with Defendant, ... Defendant made, authorized or allowed the money of Plaintiff and the class members to be used to make payments to insurers that were not only unnecessary to maintain the policies but were unjustifiable, gratuitous expenditures of the money of Plaintiff and the class members which provided no benefit in return for Plaintiff and the class members." Compl., ¶ 61.

16. Given the above allegations, Defendant has reviewed its business records and determined that, between January of 2006 and November 21, 2011, a total of 843 California residents purchased interests in Universal Life Policies through transactions facilitated by Life Partners. **Exhibit C**, at ¶ 5. Defendant has further determined that the aggregate sum of the funds placed into escrow by those purchasers for the purpose of paying premiums to maintain such Universal Life Insurance policies in which they purchased an interest is $32,454,221.71. *Id.* at ¶ 6. This sum excludes the portion of the purchase price paid to the sellers of the policies in question, as well as any other costs associated with the purchase price, other than amounts escrowed for policy maintenance. *Id.* at ¶ 7.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

8

CASE NO. _____
NOTICE OF REMOVAL OF ACTION UNDER CAFA

17. Because each life insurance company that issues Universal Life Policies is unique in the manner in which it handles the calculation of the "cost of insurance," the method of calculating flexible premiums, the determination and use of accumulated cash values, and the assessment of fees and surcharges associated with the maintenance of policies, it is not possible for Defendant to determine at this juncture an estimate of the difference, if any, between the so-called "cost of insurance," had "premium optimization" been utilized with respect to Plaintiff's and the putative class members' interests in such polices, versus the use of level premiums. *Id.* at ¶ 8. Regardless, however, of any difference that may exist between the two methods of calculating policy maintenance costs, as noted in paragraph 15, *supra*, Plaintiff has placed the entire aggregate sum of monies escrowed for policy maintenance "in controversy" by virtue of the claims and allegations in the Complaint. *See, e.g., Lewis*, 627 F.3d at 400 (holding that the entire amount of billings was "in controversy," despite the allegation that only a certain percentage of such billings entitled the plaintiffs to a refund and emphasizing that the "amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability"); *see also Ray*, 2011 U.S. Dist. LEXIS 53155, at *14-18 (finding defendant's estimate and evidence of the amount in controversy sufficient to meet the jurisdictional minimum for removal under CAFA).

18. Additionally, although Life Partners' records reflect that the first purchase by a California resident of an interest in a Universal Life Policy took place on or about August 28, 2004, the $32,454,221 figure does *not* include any escrowed premiums for purchases by California residents prior to January 1, 2006 (**Exhibit C**, at ¶ 9), notwithstanding that the Complaint purports to represent a putative class of California residents who purchased life settlement interests from Life Partners without regard to a specific time frame. *See* Compl., ¶7. The Complaint also places at issue any funds that were deposited into escrow by Plaintiff and other California purchasers in the event an insured lived beyond the life expectancy period upon which the initial

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

9

CASE NO.
NOTICE OF REMOVAL OF ACTION UNDER CAFA

escrow amounts for premium maintenance were based. *See id.* at ¶26. The $32-plus million figure also does not include any of those sums, as they are not recorded in Life Partners' records in the same manner as the initial escrow data and are, therefore, not as readily retrievable. **Exhibit C**, at ¶ 10. However, there is no question that the addition of those further deposited sums to the figure already shown would only increase the amount in controversy.

19. Although the $32,454,221 figure is an approximation of the amount in controversy, "'estimates based on concrete evidence' can adequately establish the amount in controversy requirement." *Keller v. Gaspari Nutrition Inc.*, 2011 U.S. Dist LEXIS 29355, at *7 (C.D. Cal. March 2, 2011) (quoting *Campbell v. Vitran Express, Inc.*, 2010 U.S. Dist. LEXIS 132071, at *3 (C.D. Cal. Aug. 16, 2010)). Indeed, a removing defendant is not responsible for "conducting a fact-specific inquiry into whether the rights of each and every potential class member were violated, answering the ultimate question the litigation presents, or trying the case itself for the purposes of establishing jurisdiction." *Vathana*, 2009 U.S. Dist. LEXIS 89320 at *12-13. Additionally, "[t]here is no need ... for Defendant to provide the business records themselves" upon which a defendant relies in determining the amount in controversy. *Ray*, 2011 U.S. Dist. LEXIS 53155, at *15-16. Here, Life Partners' estimate of the amount of compensatory damages in controversy is reasonable and based on concrete data. *See* **Exhibit C**.

20. In addition to compensatory damages, the amount in controversy calculation can include a reasonable estimate of attorney's fees likely to be recovered if such fees are provided for under the relevant cause of action. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010–11 (N.D. Cal. 2002). The Complaint seeks recovery of attorneys' fees from Defendant pursuant to California Code of Civil Procedure § 1021.5 and/or pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code and/or "pursuant to the 'common fund' doctrine." *Compl.* ¶¶ 65, 74. In the Ninth Circuit, the benchmark attorney's fee under a "percentage of recovery"

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

10

CASE NO.
NOTICE OF REMOVAL OF ACTION UNDER CAFA

method in a class action is 25%. *See, e.g., Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) ("We have ... established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach."); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees."). Accordingly, a 25% attorney's fee is a reasonable estimate of the potential attorney's fees in this case.

21. Although Life Partners expressly denies that Plaintiff or any of the putative class members are entitled to any award of damages, equitable relief, or attorneys' fees for the claims asserted in the Complaint, in the event the putative class were to be awarded $32,454,221 in damages, a 25% attorney's fee award would be $8,113,555, for a total "amount in controversy" of $40,567,776, which far exceeds the jurisdictional minimum under CAFA.

## LOCAL CONTROVERSY EXCEPTION DOES NOT APPLY

22. There is an exception for CAFA removal jurisdiction where more than two-thirds of the plaintiff class and at least one primary defendant are residents of the state where the action was brought and the defendant's conduct forms a significant basis of the claims. 28 U.S.C. § 1332(d)(4)(A). As an exception to federal jurisdiction, Plaintiff bears the burden to prove that the local controversy exception applies. *Serrano v. 180 Connect Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). However, the face of the Complaint in this case conclusively establishes that the local controversy exception does not apply, as Plaintiff and the members of the putative class are all residents of California while the sole defendant, Life Partners, Inc., is a resident of Texas.

## TIMELINESS OF REMOVAL

23. This Notice of Removal is timely in that it has been filed within thirty (30) days of the date Defendant was first served with the Summons and Complaint, which occurred on November 10, 2011. *See* **Exhibit B.**

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

CASE NO. _____
NOTICE OF REMOVAL OF ACTION UNDER CAFA

24. CAFA applies to actions that were "commenced" on or after February 18, 2005. Because this action was filed on November 8, 2011, it was "commenced" on or after February 18, 2005, as required by the Act. Therefore removal is proper under the Act.

**NOTICE TO PLAINTIFF**

25. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be served on Plaintiff's counsel of record: Charles Miller (SBN 276523) and James Craig Orr (*pro hac vice* pending), Heygood, Orr & Pearson, 2331 W. Northwest Hwy., 2nd Floor, Dallas, Texas 75220. In addition, a copy of this Notice of Removal is being filed with the Clerk of the Court for the Superior Court of the County of Los Angeles, California.

WHEREFORE, having provided notice as required by law, the above-entitled action is removed from the Superior Court for the County of Los Angeles, California to this Court.

Dated: December 9, 2011

BAKER & McKENZIE LLP

By: *[signature]*
Colin H. Murray
Attorney for Defendant
Life Partners, Inc.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200